UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIE THOMAS CURRY JR,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>BI-STATE DEVELOPMENT,  )<br>)<br>Defendant.  ) | Case No. 4:23 CV 487 CDP |

### MEMORANDUM AND ORDER

This case is before the Court, *sua sponte*, upon review of the file.

Plaintiff Willie Thomas Curry Jr. brings this employment discrimination action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, alleging that his employer, defendant Bi-State Development, discriminated against him in his employment on account of his race, color, and gender. Curry proceeds in this action pro se and in forma pauperis.

Curry filed his complaint and his motion for leave to proceed in forma pauperis on April 17, 2023. Three days later, on April 20, attorneys James N. Foster, Jr. and Arturo Alberto Hernandez, III entered their appearance as counsel of record for defendant Bi-State, thereby providing Bi-State access to all filings in the case through the Court's CM/ECF System. In an Order entered April 25, I directed Curry to submit to the Court a copy of his EEOC right-to sue letter (ECF

6); and on June 2, upon receipt of the letter, I directed the Clerk of Court to issue process on Bi-State (ECF 9). Those Orders were served on Bi-State's attorneys through CM/ECF.

The summons issued to Bi-State on June 2 was returned to the Court August 4 unexecuted because of an incorrect address that was provided for service. (*See* ECF 11.) However, a party who appears by an attorney is deemed to have waived any defects in service. *See Knox v. Summers*, 7 U.S. 496, 497 (1806) ("The court were unanimously of opinion, that the appearance by attorney cured all irregularity of process."); *Pollard v. Dwight*, 8 U.S. 421, 428-29 (1808) ("By appearing to the action, the defendants in the court below placed themselves precisely in the situation in which they would have stood, had process been served upon them, and consequently waived all objections to the non-service of process."); *Creighton v. Kerr*, 87 U.S. 8, 12 (1873) ("A general appearance waives all question of the service of process."). *See also Ford v. Associated Elec. Coop., Inc.*, No. 2:17 CV 71 CDP, 2017 WL 5903969, at *2 (E.D. Mo. Nov. 30, 2017). Accordingly, having appeared in this matter by counsel and having received notice of the filings in the action, Bi-State has placed itself before the Court on Curry's claims against it regardless of nonservice. I will therefore order Bi-State to answer or otherwise respond to the complaint.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Bi-State Development shall answer or otherwise respond to plaintiff Willie Thomas Curry Jr.'s complaint in this action **within twenty-one (21) days of the date of this Order**.

*[signature]*
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 7th day of August, 2023.