UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIE THOMAS CURRY, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:23 CV 487 CDP |
| | ) | |
| BI-STATE DEVELOPMENT, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Self-represented plaintiff, Willie Thomas Curry, Jr., brings this action under
Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, alleging that
his employer, defendant Bi-State Development, discriminated against him in his
employment on account of his race, color, and gender.  Because the undisputed
evidence shows that Curry did not timely file a charge of discrimination with the
Equal Employment Opportunity Commission (EEOC), I will grant Bi-State's
motion for summary judgment on Curry's claim.

### Summary Judgment Standard

Summary judgment is appropriate if "there is no genuine issue of material
fact and the moving party is entitled to judgment as a matter of law."  *Meyer v.
McKenzie Elec. Coop., Inc.*, 947 F.3d 506, 508 (8th Cir. 2020); Fed. R. Civ. P.
56(a).  The moving party bears the burden of informing the Court of the basis of its

motion and demonstrating the absence of an issue for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once a motion is properly made and supported, the nonmoving party must either proffer evidence in the record that demonstrates a genuine issue of material fact or show that the moving party's proffer does not establish the absence of a genuine dispute. Fed. R. Civ. P. 56(c)(1); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Conseco Life Ins. Co. v. Williams,* 620 F.3d 902, 910 (8th Cir. 2010); *Howard v. Columbia Pub. Sch. Dist.,* 363 F.3d 797, 800-01 (8th Cir. 2004).

I view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in his favor. *Scott v. Harris,* 550 U.S. 372, 379 (2007). A dispute about a material fact is "genuine" if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. The substantive law determines which facts are critical and which are irrelevant. *Id.* Only disputes over facts that might affect the outcome will properly preclude summary judgment. *Id.*

As an initial matter, I note that Curry did not respond to Bi-State's Motion for Summary Judgment. Under Local Rule 4.01(E), "[a]ll matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party." As a result of Curry's failure to respond, the facts set out in Bi-State's Statement of

Uncontroverted Material Facts are deemed admitted. *See Reasonover v. St. Louis Cnty., Mo.,* 447 F.3d 569, 579 (8th Cir. 2006) (district court did not abuse its discretion in deeming facts set forth in moving party's summary judgment motion admitted under E.D. Mo. L.R. 4.01(E) where no timely response was filed); *Ridpath v. Pederson,* 407 F.3d 934, 936 (8th Cir. 2005) (where plaintiff did not controvert defendant's statement of material facts, it was deemed admitted under E.D. Mo. L.R. 4.01(E)). Curry's failure to respond to the motion for summary judgment does not mean that summary judgment is automatically granted for Bi-State, however. The undisputed facts must still establish that Bi-State is entitled to judgment as a matter of law. *Petri v. Mercy Health*, No. 4:15 CV 1296 CDP, 2016 WL 7048893, at *1 n.1 (E.D. Mo. Dec. 5, 2016).

## Evidence Before the Court on the Motion

The following recitation of facts is taken from Bi-State's Statement of Uncontroverted Material Facts (ECF 35) and my independent review of the record in this case. I largely adopt Bi-State's Statement, given that Curry did not respond to the Motion for Summary Judgment and thus failed to specifically controvert Bi-State's proffered material facts.

Curry is an African-American male who has worked at Bi-State since May 4, 2020. In February 2022, Curry worked the overnight shift as an Oil and Fuel

Attendant.[1]  During the February 16-17 overnight shift, Curry and a fellow employee, Brendan Rayburn, had a verbal altercation wherein Rayburn twice directed the word "boy" toward Curry in a derogatory manner.  No other derogatory or racial epithets were used.  At the time of the incident, Rayburn held no supervisory role at Bi-State and had no control over Curry.  Curry identifies no other incident where anyone at Bi-State directed a racial epithet to him.

Curry reported the incident to his supervisor, and he filed a complaint with Bi-State's EEO department on February 28, 2022.  During the investigation, Rayburn admitted that he used the word "boy" during the incident and acknowledged he was at fault.  The EEO concluded that Rayburn engaged in the alleged conduct, and Rayburn was disciplined.  On December 14, 2022, Bi-State's EEO director met with Curry and informed him of the outcome of the investigation.  On December 15, 2022, the Bi-State EEO department provided a complaint closure letter to Curry, stating that his complaint was substantiated and that the issue was addressed.

Curry filed his charge of discrimination with the EEOC on December 30, 2022.  In that charge, Curry alleged that Bi-State discriminated against him on account of his race on February 16, 2022, and on December 15, 2022.  In his narrative summary, Curry explained:

---

[1] Curry remains at Bi-State, has since been promoted, and is currently working as a day-shift General Laborer.

> On February 16, 2022, I was called a racial slur, "boy," by Brian [sic]
> Rayburn, Mechanic. I complained of race discrimination immediately
> to Casey, . . . Supervisor, with no response. I then complained to
> Labor Relations and EEO Offices. I received a letter dated December
> 15, 2022, that my allegation was substantiated, and disciplinary
> actions were now taking place, 8 months later.

(ECF 35-18, EEOC Charge.) Other than the February 2022 "boy" incident with

Rayburn, no other incidents with racial words or actions are documented in the

charge of discrimination (*id.*; ECF 35-6, Curry Depo. at p. 127) or in Curry's

complaint filed with this Court. (ECF 1.) Curry has not been subjected to racial

discrimination by any Bi-State employee since the February 2022 "boy" incident

with Rayburn. (ECF 35-10, Admissions at p. 7.) Curry never experienced

discrimination at Bi-State based on his gender. (ECF 35-6, Curry Depo. at pp. 135,

140.)

On January 4, 2023, the EEOC issued a Notice to the Missouri Commission

on Human Rights (MCHR), informing it that the EEOC received Curry's charge of

discrimination on December 30, 2022, and that the charge will be dually filed with

the MCHR. On that same date, January 4, 2023, the MCHR acknowledged receipt

of Curry's charge. (ECF 35-19, Notice & Acknowledgment.)

### Discussion

Timely filing a charge of discrimination with the EEOC or with the state or

local agency is a precondition to suit under Title VII. *Richter v. Advance Auto

Parts, Inc.*, 686 F.3d 847, 850 (8th Cir. 2012); *Williams v. Spire*, No. 4:23-CV-43

RLW, 2023 WL 6477973, at *3 (E.D. Mo. Oct. 5, 2023); 42 U.S.C. § 2000e-5(e)(1).  In Missouri, a complainant must file a charge of discrimination with the EEOC within 300 days after the alleged unlawful employment practice occurred. *Niekamp v. Missouri*, No. 20-4075-CV-C-WJE, 2020 WL 5350293, at *3 (W.D. Mo. Sept. 4, 2020).  The alleged unlawful employment practice here occurred during the overnight shift of February 16-17, 2022.  To exhaust his Title VII claim of discrimination based on that action, therefore, Curry needed to file his charge of discrimination with the EEOC within 300 days of February 17, 2022, or not later than December 14, 2022.  Curry filed his EEOC charge of discrimination on December 30, 2022.

Discrete discriminatory acts are not actionable if time-barred.  *Mahler v. Schreiter Ready-Mix & Materials, Inc.*, No. 4:20CV894 HEA, 2021 WL 5177356, at *5 (E.D. Mo. Nov. 8, 2021).  Because Curry failed to timely file an EEOC charge of discrimination for the Title VII claim raised in this case, he is barred from bringing this action for failure to exhaust the required administrative remedies.  *Id.*  Bi-State is therefore entitled to judgment as a matter of law.  *Id.* at *6.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Bi-State Development's Motion for Summary Judgment [33] is **GRANTED**.

- 6 -

An appropriate Judgment is entered herewith.


CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE


Dated this 14th day of November, 2024.